IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RITA DINDRAL,

    Plaintiff,

v.

LINCOLN FINANCIAL INSURANCE COMPANY, et al.,

    Defendants.

No. 13-04578 RS

**ORDER GRANTING MOTION TO DIMISS WITH LEAVE TO AMEND**

Plaintiff Rita Dindral filed this action in the Alameda County Superior Court in September 2013. Her complaint asserts two claims for relief against Lincoln National Life Insurance Company: breach of contract and breach of the covenant of good faith and fair dealing.[1] Both claims are rooted in Dindral's allegation that Lincoln failed to administer benefits owed to her under her ex-husband's life insurance policy. The complaint further alleges that defendants Amar Jit Dindral, Sukhdev Manman, and Rupinder Veena Singh intentionally interfered with her rights under the policy.

Lincoln removed to federal court, contending that Dindral's claim for life insurance benefits arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), thereby implicating federal question jurisdiction.[2] *See* 29 U.S.C. § 1001, *et seq.*; 28 U.S.C. § 1331. Lincoln then moved

---

[1] Lincoln was sued erroneously as Lincoln Financial Insurance Company.

[2] Lincoln contends there has been no formal service of process on any defendants. Accordingly, it maintains that co-defendants Dindral, Manman, and Singh need not join in the removal.

to dismiss Dindral's claims for breach of contract and breach of the covenant of good faith and fair dealing, arguing they are preempted by ERISA. *See* 29 U.S.C. § 1144(a) ("Except as provided [elsewhere herein], the provisions of this subchapter . . . shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan[.]"); *see also Gibson v. Prudential Ins. Co. of Am.*, 915 F.2d 414, 416 (9th Cir. 1990) ("The ERISA preemptive provision is to be broadly construed and extends to common law tort and contract actions.").

Dindral opposes the motion in form, but hardly in substance. Her skeletal opposition, which offers no authority to rebut Lincoln's preemption argument, all but concedes that ERISA preempts her state law claims against Lincoln. Nonetheless, she requests the court deny Lincoln's motion, stating that her failure to plead an ERISA violation should not suffice for dismissal. She includes a passing citation to *Hamilton v. Allen Bradley Co., Inc.*, 244 F.3d 819 (9th Cir. 2001), in which the Ninth Circuit held that a complaint alleging state law claims for wrongful denial of benefits and breach of fiduciary duty sufficiently put the defendant on notice that the plaintiff was effectively proceeding under ERISA. In *Hamilton*, however, the court emphasized that the plaintiff sought no relief beyond reinstatement of her disability benefits. *Id.* at 823. Here, by contrast, Dindral seeks extra-contractual compensatory and punitive damages – neither of which is available under ERISA. *See Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985). Unlike in *Hamilton*, then, Dindral's complaint hardly makes clear that she seeks to recover under ERISA.

For the aforementioned reasons, Lincoln's motion to dismiss is hereby GRANTED. Dindral's first and third claims for relief are dismissed with leave to amend. Dindral is to file an amended complaint, if any, within thirty days. The motion is submitted without oral argument pursuant to Civil Local Rule 7-1(b).

IT IS SO ORDERED.

Dated: 12/3/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE